I'm mispronouncing the name, I'm sure, versus Kurtz and others. How is it pronounced? Lozovyy. Okay, Mr. Wilson. Good morning, Your Honors. It pleases the Court, my name is Scott Wilson and I represent the Plaintiff Appellant Dr. Yaroslav Lozovyy in this appeal of the District Appellant. I have a special motion to dismiss under Louisiana Code of Civil Procedure, Article 971. There are a number of issues to go through. Simply, the facts are that the defendants in a conference call falsely told other scientists that Dr. Lozovyy had stolen and destroyed data of the Center for Advanced Microstructures and Devices, CAMD, where Dr. Lozovyy worked. This was after Dr. Lozovyy had been fired and in response to a request for a conference call from Peter Daubin of the University of Nebraska at Lincoln. The accusations that Dr. Lozovyy had stolen and destroyed data are accusations of criminal conduct and are defamatory per se, falsity and malice, fault as well as injury, are therefore presumed subject to rebuttal by the defendants. The defendants, it's important, deny making the statements and deny that they believed that Dr. Lozovyy stole or destroyed data. First, the procedural timeline in the case is that the suit was filed July 1st of 2013. It was served July 26th of 2013. The defendants filed their motion to strike almost one year later on July 18th of 2014 and the hearing on the motion to strike was another six months after that on January 15th of 2015. First, the motion was filed too late. Article 971 says that it's got to be filed within 90 days from service of the lawsuit or later within the court's discretion. In my briefs, initially I had cited Rule B, but I don't think it applies. I think it applies only to the federal rules and not to state statutes. I think Judge Randolph pointed that out in Sherrod v. Breitbart. But I still maintain that it's an abuse of discretion for the court to allow the filing one year after service of the lawsuit where the defendants did not move for an extension of time, did not allege any good cause for the delay, and the court did not find any good cause for the delay. The discretion cannot be without any limits and it can be abused, as it was in this case, we argue. Likewise, the motion was noticed for hearing too late. Article 971 requires that the notice shall be noticed within 30 days from service of the motion unless the court's docket conditions don't allow it. Shall is mandatory language, of course, and here the motion was heard approximately six months after service of the motion and a year and a half after service of the lawsuit. There were no mention of docket conditions or any other reasons for the lateness in the noticing of the motion. Getting to the statute and how it operates, of course, it has a burden-shifting analysis whereby the defendant must make a prima facie showing that the claims asserted against him arise from an act in furtherance of the exercise of his right of petition or free speech under the Louisiana or United States Constitution in connection with a public issue. After the defendant makes this showing, the burden shifts to the plaintiff to demonstrate a probability of success on the merits of his claim. If the plaintiff fails, claims are dismissed, prevailing defendant can get attorney's fees and costs. If the plaintiff successfully defeats the motion, he can get his attorney's fees and costs and the court's ruling denying the motion is admissible as substantive evidence later in the proceeding. Here the first issue is whether the defendants can carry their initial burden under 971. They can't because they can't meet the initial burden of showing that they engaged in conduct in furtherance of their constitutional right of free speech in connection with a public issue. Was this your argument below or in your brief? I know there's that case you relied on and I think one of the others I'm making it based on the recent Culbertson case, right? And don't you need to make it their argument below? I mean, I know that case that came out now supports that, but did you argue that in the district court? We did argue below that this is not particularly newsworthy. It's not a matter of public interest. There were no news reports about it. There was no lawsuits about it. Dr. Lozavich was not trying to interfere with any free speech rights. Case does not bear any of the hallmarks of the typical strategic lawsuit against public participation, which is generally brought without the intention of winning, but merely to discourage a person or a group from speaking out about a particular subject that is a great public interest. But the case you're relying on that's come out since, I think what it says is if the defendant is denying even making the statement, then he can't invoke this statute because he's not even saying he engaged in speech. And here I think there's a dispute, right? You have a witness and your client who says, oh, they said these bad things about me on the call, and the defendant's saying, no, I never, that's made up. You're making that up. So therefore, he's not even acknowledging a speech interest. But I didn't see that argument made. Well, the defendants are expressly denying that they engaged in conduct in furtherance of the rights of free speech. Well, because they're saying they didn't make the statement. I'm sorry? They're saying they didn't make the statement. Correct. Right, I'm agreeing with you, but I'm asking where that argument was raised by you in the district court. I mean, I think if you'd argue that below in that case, assuming it's good law, but it helps you, no doubt, but I'm just trying to see where you argue that either below or in your brief to us. Oh, I sent him a letter here under 28J that allows you to cite supplemental authority that helps you on the arguments you've already raised. But I'm trying to get at whether this was an argument that was already made up in the case. I understand. I didn't have that case. That argument was not in my head. The argument I made below was this is not newsworthy stuff. This is just a private issue. Why was this gentleman fired? Because he stole and destroyed research data. And there was no news report. This is not a matter of general public interest. There's no lawsuits. There's no hearings. It's just people told that person. It did harm his reputation greatly. But it is not, the case is not a slap suit, as those things are generally defined. I argued that below and I'm urging it again here. And then the main thing, I guess, here is that Article 971's probability standard has to be applied consistently with Rule 56 or else not at all in federal court. Both parties here and the district court agree that the district court in this case weighed evidence and made credibility determinations and did not draw all reasonable inferences in the plaintiff's favor in dismissing the plaintiff's claims. Indeed, the district court made it plain that had it applied the Rule 56 standards, the defendant's motion would not have been granted. So the issue is whether the district court or any federal court can apply Article 971 in a manner inconsistently with Rule 56. And there's some judges who, the D.C. Circuit and at least some of the judges in the 9th Circuit, in some cases, trumps these types of state law provisions. But how do you get around Henry where we applied Article 971 and we cited the Erie case, but we also cited the Worsham, the California case that dealt with this issue in more depth. Now, admittedly, it wasn't discussed in Henry at great length, this Erie issue, and there's now these opinions out there that indicate, well, maybe, maybe Henry is wrong. But how do you, I mean, it just seems to me Henry did consider the issue if it didn't, even if it didn't do so thoroughly. How do you get around that? I don't think that Henry considered the issue. I think this court in Mitchell v. Hood acknowledged that Henry did not pass judgment on that question. But in the Henry case, they did talk about that Newsham v. Lockwood decision. And the way that the California, the 9th Circuit has dealt with this, the courts in California have dealt with it, and the California anti-SLAPP statute, as they've said, we don't think there's a direct collision. And it's basically the same analysis, Louisiana Crisis Assistance Center, because they say you can apply your Article 971, but you've got to comport with the federal rules when you do it. That's straight up in Rogers v. Home Network, which I cite. It's very plain in McCaif v. Trump University. The quote there is, the court said, the contention that California Code of Civil Procedures, Section 425.16, imposes a probability requirement at the pleading stage, ignores California Supreme Court precedent. Although 425.16 asks court to determine whether, quote, the plaintiff has established that there's a probability that the plaintiff will prevail on the claim, the California Supreme Court has held that past California state cases interpreting this provision established that the legislature did not intend that a court would weigh conflicting evidence to determine whether it is more probable than not that plaintiff will prevail on the claim, but rather intended to establish a summary judgment-like procedure available at an early stage of litigation. So, and there are a number of state court decisions in California that make it very clear that what the standard they apply in the California anti-SLAPP statute is consistent with the Rule 56 standard. They do not apply a standard higher than Rule 56. Unfortunately, what's happened here in these cases is the courts have cited Godin and Henry and Lockwood, Nuschenberg and Lockwood, as though they're all the same thing, but they're clearly not. Godin is an island. It is the First Circuit where they say, we think that it's possible and appropriate for a court to apply a completely different standard than Rule 56 for an anti-SLAPP rule. Nobody else does that. The Ninth Circuit will allow you to bring that anti-SLAPP statute, but you've got to comply with Rule 56 standards. The other cases, say, this is a direct collision. Abbas, UND Health Care, some of the other cases in the Eleventh Circuit, the Seventh Circuit on the Minnesota statute, the cases are Intercon Solutions versus the Basal Action Network and the Washington statute, UND Health Care, the Minnesota statute. So the trend is saying, look, either you cannot apply these statutes, that's what those cases I just cited say, or if you do, the only way it's legitimate is to do it like the Ninth Circuit does and like Louisiana Crisis Assistance Center says that it's okay to do it. Louisiana Crisis Assistance Center said, we're going to decide whether there's a direct collision. And they said, when Louisiana courts have found disputed issue of material fact, they have found that a special motion to strike should not be granted. Granting some, okay, accordingly because the burdens and standards imposed under Article 971, as interpreted by Louisiana courts, directly correspond with the burdens and standards of Rule 56, the court concludes that Article 971 does not directly collide with the Rule 56. It went on to say, the vast majority of decisions appear to suggest that the burden imposed on the plaintiff opposing a special motion to strike is functionally equivalent to the burden imposed on the non-movement in a motion for summary judgment. It cited Estivern versus Thomas Picayune, which was just a summary judgment standard, quoting Sassone versus Elder, which again was a summary judgment standard which predated the enactment of Article 971. They discussed the California decisions, Rogers versus Home Shopping Network. The quote there was, as held in Lockheed, a special motion to strike premised on legal court. A special motion to strike premised on alleged lack of evidence similar to a summary judgment motion is also available in federal court. However, the manner in which those motions are presented and considered must comport with federal standards. Now, the defendants, they don't really contradict these arguments. They don't identify cases from Louisiana State Courts, where Louisiana State Courts have applied a standard higher than the summary judgment standard when ruling on a special motion to dismiss. They don't contradict ... What's the point of Article 971 if it imposes the same standard? That's the question. Legislation points to the time. That's the question that the district court appeared to struggle with, and I've got the answer. The district court was confused in assigning a purpose to the enactment of 971 if a summary judgment could do it. There have got to be clear purposes. There are, one, you can have a summary judgment type of adjudication early in the proceedings, okay? That's what it does. Secondly ... But it does say it has this probability of success standard, which is completely at odds with summary judgment. You can, as long as you have some evidence that summary judgment is for each element, you can have a 1% chance of winning, and you get to a jury. If our argument is that the court is going to apply a standard inconsistent with Rule 56, that's not permitted under these rules. But there are two other reasons that you have the 971. Early in the proceedings, right to immediate review, and attorney's fees to the court, regular in the standard summary judgment motion. I think my time is up for now. Thank you. Okay. Thank you, sir. Ms. Whitlow? Yes. Good morning. May it please the Court, my name is Sharon Whitlow, and I represent the appellees, Dr. Richard Kurtz and Dr. Thomas Clyde, both of LSU. The essential question presented by the plaintiff's appeal is whether Louisiana's Article 971 is going to be allowed to serve its intended purpose or if it's going to be supplanted by Rule 56 and made meaningless. We believe that ultimately the trial court correctly applied Article 971 to the specific facts of this case and found that the plaintiff failed to present evidence of a sufficient quality and quantity necessary to prove a probability of success on the merits. There certainly is an interesting legal issue presented and circuits all around the country are addressing this and they're coming down on both sides. We think that the cases that the plaintiff has cited can be distinguished, some because they're distinctly different from Louisiana's Article 971, and some because they do not correctly consider and apply the Rules Enabling Act or Shady Grove decision by the Supreme Court. In determining whether Article 971 should be applied, you have to ask three questions. Is there a direct collision? But Shady Grove tells us the question now is, does Rule 56 answer the same question as Article 971? And we believe it does not. The plaintiff says there's no collision if you interpret and apply Article 971 the same way that you apply Rule 56. We believe there's no collision because they don't answer the same question. Article 971 does things that Rule 56 does not. Not only, as Mr. Wilson pointed out, does it grant attorney's fees to the prevailing party, it also determines who bears the burden of proof at different stages and it creates a substantive legal defense for the defendant. If you want to disregard the plain language of Article 971, you also have to ignore the history, and the history is found in the Sassoon case in 1993. The Louisiana Supreme Court case that preceded Article 971, but if you look at the legislative intent in the comments to Article 971, it copies verbatim from that case. And in that case, the Louisiana Supreme Court recognized that while in federal court, summary judgment motions are the same, no matter what the cause of action, not in Louisiana for defamation cases. In a defamation case, this principle that everything is going to be interpreted in a light favorable to the plaintiff, that trial on the merits is favored, that does not apply in a defamation case. And that is the concept that was legislatively created, that led to the creation of Article 971. Which case are you speaking of? Sassoon v. Elder. Elder. The plaintiff has The argument that plaintiff's counsel is making, and I questioned him whether it was a new argument based on this new authority that says, sure, if you're a defendant and you say, yeah, I made those allegedly defamatory statements, but I have a free speech right to do so, and I'm going to rely on this slap statute to throw away your case at an early stage. But if you are denying, as in this case, that you ever made the alleged defamatory statement, you shouldn't be able to invoke the statute. What's your response to that? Two things. To answer your question, that particular argument was not raised until Thursday, this past Thursday. And that's what I got into with him. Forget that for a second. What's your argument on the merits of it? That Culbertson case is based on Texas law, and the Texas anti-slap statute is very different. It says that the plaintiff has, you can bring a motion to dismiss in response to a party's assertion of a protected speech. Louisiana statute is much broader. It says that the motion to, special motion to strike may be filed when a cause of action, for a cause of action arising from any act in furtherance of the exercise of free speech. So you have a much broader picture there. Yeah, but your client is saying it didn't do this act. It didn't exercise its free speech. It's saying we didn't make this statement. I don't understand how you have the, you're saying, yes, we made the speech, but it's protected by workplace environment. It's protected under what the Supreme Court has said. It's protected speech or rights of the state to make certain statements. But you're saying, I didn't make the statement, and then saying, I have a right to make a statement, although I'm claiming that I didn't make the statement. What we have, the defendants have never disputed that a conversation took place. There was a conference call after Dr. Losevich was, his contract at LSU at CAMD was not renewed, and he was banned from CAMD. And his good friend, Dr. Dauben of the University of Nebraska-Lincoln, demanded that he be allowed access to CAMD as a university, as a UNL employee. That was part of the discussion on this conference call. The conference call and the discussion, although those particular words, the defendants deny they ever said that he stole or destroyed data, the whole conversation was, we think, of a, I don't want to say it was a political related to a public issue. The data in question and the access to CAMD and to the data there is data that is funded through the U.S. Department of Energy research grants. You have two public universities. You have representatives from two public universities. There are cases, we've cited, I think it's the Times-Picayune, or I'm sorry, the Jazz Festival case where it dealt with a private contract. But even in private contract scenario, you can still have a public issue. This, we don't have a private contract. We had seven people from two universities on a conference call discussing ownership of equipment and right to data and right to access to the facilities that are partly not only funded by state taxpayer dollars, but also by federal taxpayer dollars. Now, the Henry case, when we look to the, going back to the Hasson case, one of the things that it told us is that summary judgments are different for defamation cases, and that's where we got to Article 971. If you have Article 971 and Rule 56 answering different questions, they are not occupying the same field. And if they're answering different questions, then there is no collision, and you don't have to get to whether there's a violation of the Rules Enabling Act. One of the problems here that hasn't been touched on yet today is the eerie analysis. I mean, we do not have to speculate here about whether a different result would have occurred at the trial court. The trial court told us a different result would have occurred. He told us that if he had to apply summary judgment standards, the plaintiff would get to go to trial. But if he didn't, he got to look at the... In Henry, we describe the necessity of the evidence here as necessary to survive the normal motion to dismiss as a defendant, as it's different than that, because a defendant plaintiff must produce evidence of sufficient quality and quantity to demonstrate that he will be able to meet his burden of proof at trial. Now, if we had this evidence at the end of a trial, wouldn't there be enough evidence here where you claim that someone, a defendant has defamed you in this particular regard, be enough to support a judgment of a jury? We believe that we would be successful with a jury, but the problem is that Article 971 is intended to weed out the meritless claims so that we don't... Let's look at the particular Henry facts. In Henry, there's no claim that there is a fact issue situation that I'm going to go ahead and weigh. In Henry, there was a question of negligence with respect to defamation, and what the court said was that the plaintiff hadn't shown, didn't have any evidence to show that there was negligence, and specifically pointed out that Henry didn't provide information from this person that he was contacted, and that the press defendant in that case didn't contact him, and that nonetheless, if it would have contacted him, it assumed that it had contacted him, and nonetheless, continued to run the story. So, if you look at what actually happened in Henry, after quoting the different standards, and they're all over the place, quoting Louisiana law involved in this analysis under the statute, it basically said, hey, you didn't have any evidence to show negligence. In this case, we've got the district judge saying the evidence is there, and there's a fact issue, a material fact issue, which Henry didn't find a material fact issue, and the facts didn't show that it was a material fact issue. In fact, Henry just said he didn't have enough evidence to prove the case. I would respond by saying that the Henry decision, in this case, the court asked the question, what am I supposed to do? Am I supposed to count noses? What does quality and quantity of the evidence mean? And while you had a complete lack of evidence in Henry's case, and Henry on a particular point, in this case, you have one affidavit from one of the people on the call, while everyone else on the call either was not asked by the plaintiff to submit an affidavit, or submitted an affidavit saying it never happened. And because of that, that's what led the court, it wasn't just a matter of counting noses, but he was looking at the quality. And here, the only affidavit was from Peter Dalben, and we presented a great deal of evidence to the trial court showing the lack of credibility of Mr. Dalben, of the people on the call. So, I'm going to go back to the point that Dr. Lizovi shared in exchange, where they plotted against the folks at LSU and Texas A&M who were all part of this research project. And Lizovi said in one of the emails, he had this strategy of how he was going to get revenge, and he was going to do it in a public fashion. Every email, I'm sorry, not every email, many of the emails that Dr. Lizovi wrote, Dr. Dalben wrote for him and told him what to say, to whom to say it, when to say it. And then we get here, where the only person who was on the call who says that this statement was made is Dr. Dalben. The purpose of the Article 971 article is to weed out meritless claims. And for the defendant to— But it's really to protect speech. And again, going back to this point, I mean, Culbertson would say under the Texas lab statute, you've tried to distinguish him, that because this whole debate about credibility goes to whether the defamatory statement was even made, Culbertson would say the defendant's not even acknowledging any speech for which he can seek protection. So it does seem a poor fit for the purposes of the statute. Well, I would suggest that if a plaintiff can just make up stuff, that is the epitome of meritless. And if the purpose of this article is to weed out meritless claims, then this fits perfectly. Otherwise, a plaintiff, in order to get in federal court and survive to go to trial, can just make up stuff. But that's having qualified immunity, which is sort of analogous, I think, to this, these anti-SLAPS, these statutes. A plaintiff can completely make up that an officer beat him to a pulp, unlawfully. And even a qualified immunity where we give all this deference to the police and other government officials because we don't want them to have to defend meritless cases, that, you have to still accept what the plaintiff said on that as true. But ultimately, the purpose here is different from a summary judgment. Article 971 does different things. And if you supplant Article 971 with Rule 56, you render it meaningless. And if I'm a plaintiff's attorney and I have a defamation case, you can bet I'm going to federal court because I can survive to a jury trial and up the ante in terms of settlement Were you claiming in the district court that even if you made the statement, and even if it was false, that you would still be entitled to immunity, that it still wouldn't be a defamation, you still wouldn't have a defamation claim? If I understand your question, if... Was it your position in the district court that even if your clients made the statement, or the state official made a statement that the plaintiff ascribes to him, and even if it was false, that it still doesn't constitute defamation because of a special protection that they had because it was in the course of their investigation or something like that? I think that is correct, because Article 971 tells us that if the plaintiff cannot present sufficient evidence of a quality and quantity enough to establish a probability of success, even on the issue of falsity, which is one of the elements of defamation, he has to meet that test early on in the proceedings. And if he can't do that, then he shouldn't get to go to trial, because we want to protect free speech and the right to free speech. And in this case, if you take away the special substantive defenses, the remedy that is available under Article 971, you make it meaningless, and you create a forum-shopping situation, and you essentially tell the Louisiana Legislature that the plaintiff is guilty of defamation and that he should be punished. And if you tell the Louisiana Legislature you should have just stuck with 966, that there was no need to do an Article 971, and it ignores the fact that the Louisiana Legislature chose to do it. I think we may have. Let's just pause a moment. There may be a call back. He is calling back. Judge Benavides, are you with us? Yeah, I got knocked off. Okay. Okay, proceed. I will close with just a brief statement. Supplanting the clear requirements of Article 971 with the standards of Rule 56 would alter a substantive right that is granted by the state, and we understand that proving a probability of success on the merits is different from establishing a genuine issue of material fact. Do you agree or disagree with Judge Barbier's analysis of the Louisiana cases, which, in effect, does exactly that, says that they have interpreted 971, do not really add any additional protection? Is it the same thing as Rule 56? That case actually was vacated when it was taken up and it was granted on reconsideration on other grounds. But if you look at the Louisiana cases, I think judges are very hesitant to come out and say that they weighed credibility because it's ingrained in them that you don't do that. And you have this new animal here, the special motion to strike, which essentially says that's exactly what you should do. You should look at the quality of the evidence and compare the affidavits, and it's not enough just to have a genuine issue of fact. Thank you. Thank you. Mr. Wilson. Thank you. I think judges should be embarrassed to say that they are making credibility and fact-finding determinations. Those are reserved for the jury. Those are the exclusive province of the jury. Weighing of evidence and assessment of witness credibility is solely within the jury's province. The district judge here stated he was extraordinarily uncomfortable deciding a case when there's a jury requested, and it seems like that that shouldn't be my role. Cases say that Rule 56 marks the outer boundary for a court dismissing claims on the merits based on a pretrial evaluation of the evidence and, to go further, infringes on the Seventh Amendment right to a jury trial. But you didn't make a Seventh Amendment claim, did you? I'm sorry? You didn't make a Seventh Amendment claim? In the district court, he's asking. In the district court. I'm not sure whether I did or not. I briefed it here, but if I didn't, then I stand corrected. If you did, please advise us where it is, because I'd like to know, but my cursory reading of the record doesn't show it, but I could be wrong, so please feel free to supplement it with a letter in case you did. I will, Your Honor. My recollection is that I did, but I could be mistaken. The quantity and quality business is part of summary judgment. I'm sorry? Go ahead. The quantity and quality equation is something that's been part of summary judgment for a long time, but it does not mean that the court is to count affidavits in the quantity section, and it doesn't require the plaintiff, in this case, for example, to go and get additional affidavits that are just duplicative or accumulative of the Dalvin affidavit, which he already has. He's got that affidavit, and we know the district court here said that would defeat summary judgment. There's no reason for us to go and get two or three other affidavits that just say the same exact thing. Quality does not mean you weigh the evidence and assess credibility. It has never meant that. No state court, no federal court, has ever interpreted Article 971, other than this court, to allow that, to do it in that fashion. This is a case where it does, if you allow that, it clearly collides. The collision couldn't be more obvious. Are you familiar with any, is there any Louisiana case interpreting their own statute here, where the court of appeals has recognized that there is a fact dispute that there is a material fact dispute, and nonetheless indicated that they chose to believe one version more than the other, and therefore found the case frivolous under this statute? Are you asking whether I'm aware of such a case? Yes, yes. No, I think that such a case would be in violation of Rule 56. I don't think Rule 56 would sanction that outcome. No, I'm talking about Louisiana courts interpreting their own statute. No, and I don't think that one's been cited by the defendants here. No federal or state courts. And that's why I'm saying that there would be no potential for forum shopping, because the state courts are doing the same thing that I'm suggesting, is you just apply 971 as it's been applied since it went into effect, and they all do the summary judgments. This is the first case where that's... Well, you know, to be real frank, I don't think you have a very strong case. You think you have a good fact issue situation, but for the reasons outlined by the plaintiff, I mean by the defendant, this is not a real, real strong case. With all these other people involved in the conversation, however, what I'm very concerned about is that once we establish that there can be not just quantifying, but this type of weighing in a... When there's a material fact issue, that what we're counting and seeing is that once you get into this weighing, there's no need to have a trial. There's no need to have a jury. Once the judge determines, well, the way I look at it, you wouldn't prevail because I like this evidence more than the other. And then I'm very worried about what we do, whether Louisiana would accept this and what it does to Rule 56 and the interplay and the whole thing and what it does to the jury. I agree, Your Honor. I think it also is inconsistent with the stated purpose of Article 971 being merely to weed out meritless claims. The district court here holding that if he had applied the Rule 56 standard, this case would still be alive, and now it's not. There's going to be a lot of... Potentially a lot of cases that are going to be thrown out because the judge is doing fact finding and weighing evidence and assessing credibility and not drawing inferences in favor of the non-moving party, which is simply not countenance by the federal rules. Can I ask one question? I'm sorry. Just quickly, what's your client's view on... Since we don't have any pronouncement from the Louisiana Supreme Court on this issue and all these different intermediate appellate decisions, does your client have a view on whether it would be a good idea to certify to the Louisiana Supreme Court what exactly 971 does in terms of whether it's different than the summary judgment standard? I think the question before this court is whether Article 971 properly should apply in a federal court using federal jurisdiction, and that has to do with Shady Grove and Erie and a lot of federal analysis. I don't know that the state court's answer to the certified question would necessarily be completely wrong. Well, I agree. We wouldn't ask them to do the Erie analysis, but what about just asking them does 971, assuming it applies, does it allow for this weighing that the district court judge here... I mean, that is what 971 means is a question of Louisiana law, right? I think that if you've got an answer that says 971, guess what? 971 allows in Louisiana the weighing of evidence and the assessment of credibility by a trial court. Then you would still be faced with the question of, okay, can I do that in federal court, or does that violate the standards of Rule 56 and the Shady Grove? I mean, I can't do that here, but I think that that would... certainly that's an option that the court could undertake. Thank you, Mr. Worsley. Thank you very much.